# PARTNERSHIP.

SWIFT, appellant *v.* DEAN, respondent, 6 J. R. 522.

*Injunction ; Misapplication of Partnership Property, assigned to pay Partnership Debt.*

THE decision of the Chancellor (Lansing) in this case was reversed ; but it would seem by his opinion, (6 J. R. 527,) that his decree dismissing the appellant's bill with costs was rather founded on the defect of proof, that any copartnership property was put into the hands of the respondent to pay the debts of such copartnership, or the particular one mentioned in the bill, than on any legal ground.

The Court of Errors *reversed* the judgment, Thompson, J., delivering the opinion. The facts were as follows:

A. and B., being partners in trade, in 1788, and 1789, and indebted to C., dissolved their partnership in 1789, and A. undertook to pay the partnership debts, and particularly the debt due to C. and received the partnership property for that purpose. A. in 1789, executed a bond and warrant of attorney to C., to which he put his own name and seal, and the name and seal of B. In 1782, B. sold a piece of land to D., with covenants of seisin and warranty, and in 1795, D. sold and conveyed the same land to E., the appellant. A judgment having been entered up by virtue of the warrant of attorney in favor of C. against A. and B., a *fi. fa.* was issued thereon, by virtue of which the land was seized and sold, and A., became the purchaser at the sheriff's sale.

E. the appellant, then filed his bill in Chancery against A., to set aside the judgment, execution, and sale, as fraudulent, on the ground that the judgment was entered without any warrant or authority from B. The allegations of the bill were denied by A.'s answer, and there being but *one* witness to support the bill.

The Court of Errors held, that the judgment could not be set aside ; but that A., appearing to be the only person interested in the judgment, and having received property with which to pay the debt due to C., A. ought to be enjoined from proceeding under the judgment, or from bringing any action of ejectment in his own name, or in the name of C., until he fully accounted for the disposition of the property he had received.

B. having given a warranty deed for the land, he was held an incompetent witness on the ground of interest. Decree of the Chancellor *reversed*, and injunction decreed against A., but without prejudice to the right of C. under the judgment.